*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 17-BG-488

IN RE DARRELL N. FULLER, RESPONDENT.

FILED **11/09/2017**
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 499204)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline

(BDN 008-16)

(Decided: November 9, 2017)

Before BECKWITH and EASTERLY, *Associate Judges*, and NEBEKER, *Senior Judge*.

Opinion for the court PER CURIAM.

Dissenting opinion by Senior Judge NEBEKER at page 5.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1 (d) governing the appropriate citation of this opinion.

In this disciplinary matter, the District of Columbia Court of Appeals Board on Professional Responsibility Ad Hoc Hearing Committee (the Committee) recommends approval of the petition for negotiated attorney discipline. The

violation stems from respondent Darrell N. Fuller's professional misconduct wherein he used his work-issued phone to take lewd photographs and videos of clothed, unaware, and nonconsenting individuals and then stored those images on his work computer.

Respondent acknowledged that he engaged in deceitful conduct and violated Rule 8.4 (c) of the District of Columbia Rules of Professional Conduct. In mitigation, the Committee considered the fact that respondent (1) cooperated with Bar Counsel; (2) had been diagnosed with Voyeuristic Disorder (in remission); (3) voluntarily consented to an independent medical examination that resulted in a determination that he posed a low risk of recidivism for the conduct described; (4) promptly reported his guilty plea and acknowledged his misconduct from the outset of Disciplinary Counsel's investigation; (5) already served a suspension lasting over one year; (6) immediately sought treatment upon his arrest;[1] (7) demonstrated remorse for his actions; and (8) had no prior history of discipline in any jurisdiction. As a result, Disciplinary Counsel and respondent negotiated the

---

[1] Initially, respondent pled guilty to violating a Texas statute for improper photography or visual recording and the District Court of Harris County, Texas, deferred any adjudication of guilt for five years and placed him on community supervision. Respondent obtained an order dismissing the indictment against him, however, after the Court of Criminal Appeals of Texas struck down as unconstitutional the subsection of the statute under which respondent was charged. *See Ex parte Thompson*, 442 S.W.3d 325 (Tex. Crim. App. 2014).

imposition of discipline in the form of a two-year suspension, stayed, and two years of unsupervised probation during which respondent must (1) submit monthly reports to Disciplinary Counsel self-certifying his compliance with the treatment directions of his psychiatrist and other providers; (2) submit monthly reports to Disciplinary Counsel self-certifying that he attended at least one Sex Addicts Anonymous meeting in that month period; (3) immediately seek counseling from a Certified Sex Addiction Therapist should his treatment regimen appear insufficient; (4) waive privilege, to the extent necessary, for Disciplinary Counsel to verify his compliance with the terms of his probation; and (5) not engage in any misconduct in this or any jurisdiction. Additionally, if Disciplinary Counsel has probable cause to believe respondent violated the terms of the probation, it may seek to revoke respondent's probation pursuant to D.C. Bar R. XI, § 3 and D.C Board R. 18.3 and request that respondent serve the two-year suspension consecutive to any other discipline or suspension that may be imposed. Further, a showing of fitness will be required before he is allowed to resume the practice of law.

After reviewing the petition for negotiated discipline, considering a supporting affidavit, conducting a limited hearing, reviewing Disciplinary Counsel's files and records, and holding an ex parte meeting with Disciplinary Counsel, the Committee concluded that the petition for negotiated discipline

should be approved.

We accept the Committee's recommendation because the Committee properly applied D.C. Bar R. XI § 12.1 (c) and we find no error in the Committee's determination. Based upon the record before the court, the negotiated discipline of a two-year suspension, stayed, and two years of unsupervised probation with conditions is not unduly lenient considering the existence of extensive mitigating factors.

In accordance with our procedures in uncontested disciplinary cases, we agree that this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

ORDERED that Darrell N. Fuller is hereby suspended from the practice of law in the District of Columbia for two years, stayed, and two years of unsupervised probation during which respondent must (1) submit monthly reports to Disciplinary Counsel self-certifying his compliance with the treatment directions of his psychiatrist and other providers; (2) submit monthly reports to Disciplinary Counsel self-certifying that he attended at least one Sex Addicts Anonymous meeting in that month period; (3) immediately seek counseling from a Certified Sex Addiction Therapist should his treatment regimen appear insufficient; (4)

waive privilege, to the extent necessary, for Disciplinary Counsel to verify his compliance with the terms of his probation; and (5) not engage in any misconduct in this or any jurisdiction. Should respondent violate the terms of his probation, he will be suspended with reinstatement conditioned on demonstrating his fitness to practice law.

*So ordered.*

NEBEKER, *Senior Judge*, dissenting. I would reject the request for approval of the petition for negotiated attorney discipline. I believe the conditions of respondent's probation should require his psychiatrist to submit monthly reports to Disciplinary Counsel verifying his compliance with treatment directions and expressing an opinion on his risk of recidivism.